

**SEALED**

ORDERED UNSEALED on **06/15/2026**   s/ melindajw

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### ARREST ON OUT-OF-DISTRICT OFFENSE

'26  MJ3538

CASE NUMBER: CR 25-119 T

The person charged as Rocky COLIN now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the Eastern District of Louisiana:

Violations of the Federal Controlled Substances Act, the Federal Gun Control Act, and Money Laundering, in violation of: 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(h), and 2, and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846.

The charging documents and warrant for the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: ___6/15/2026___

/s/ Walter Burtanog
_____
Walter N. Burtanog
Drug Enforcement Administration

Reviewed and Approved

Dated: 6/15/2026

_____
James Miao
Assistant United States Attorney

RECEIVED
U.S. DISTRICT
EASTERN DISTRICT OF LA
2026 JAN 30 PM 03:54
CAROL L. MICHEL, CLERK



GOVERNMENT EXHIBIT A

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

# SEALED

# FELONY

### SUPERSEDING INDICTMENT FOR VIOLATIONS OF THE FEDERAL CONTROLLED SUBSTANCES ACT, THE FEDERAL GUN CONTROL ACT, MONEY LAUNDERING, INTERSTATE TRAVEL IN AID OF RACKETEERING AND CONSPIRACY TO PROVIDE MATERIAL SUPPORT TO A DESIGNATED FOREIGN TERRORIST ORGANIZATION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | **CRIMINAL NO. 25-0119** |
| | * | |
| v. | * | **SECTION: "T"** |
| | * | |
| | * | **VIOLATIONS:** 21 U.S.C. § 846 |
| | | 21 U.S.C. § 841(a)(1) |
| | * | 21 U.S.C. § 841(b)(1)(A) |
| | | 21 U.S.C. § 841(b)(1)(B) |
| | * | 18 U.S.C. § 924(o) |
| **ROCKY COLIN** | | 18 U.S.C. § 2339B(a)(1) |
| | * | 18 U.S.C. § 1956(h) |
| **STEPHANIE VELA** | | 18 U.S.C. § 1956(a)(1)(B)(i) |
| | * | 18 U.S.C. § 1952(a)(3) |
| | | 18 U.S.C. § 2 |
| | * | |

\* \* \*

The Grand Jury charges that:

## COUNT 1
### (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a time unknown but prior to December 13, 2021, and continuing to on or about the date of this Superseding Indictment, in the Eastern District of Louisiana and elsewhere,

the defendants,  ROCKY COLIN, STEPHANIE VELA, and did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, all Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B); all in violation of Title 21, United States Code, Section 846.

## COUNT 2
### (Distribution of Methamphetamine)

On or about November 29, 2023, in the Eastern District of Louisiana, and elsewhere, the defendants, did knowingly and intentionally distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

2

## COUNT 3
### (Distribution of Methamphetamine)

On or about December 8, 2023, in the Eastern District of Louisiana, and elsewhere, the defendants, ████████████████████████████████████████

████████████████████████████████████████████

████ did knowingly and intentionally distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 4
### (Distribution of Methamphetamine)

On or about December 20, 2023, in the Eastern District of Louisiana, and elsewhere, the defendants, ████████████████████████████████████████

████████████████████████████████████████████

████ did knowingly and intentionally distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 5
### (Distribution of Methamphetamine)

On or about December 20, 2023, in the Eastern District of Louisiana, and elsewhere, the defendants, ████████████████████████████████████████

████ and ████████████████████████████████████

████ did knowingly and intentionally distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title

3

21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 6
### (Distribution of Methamphetamine)

On or about December 27, 2023, in the Eastern District of Louisiana, and elsewhere, the defendants, ████████████████████████████████████ ████ and ████████████████████████████ ████ did knowingly and intentionally distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 7
### (Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Offense)

Beginning on or about December 2023 and continuing until on or about May 2, 2025, in the Eastern District of Louisiana, and elsewhere, the defendant, ████████████████ ████████████████████████████ did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury, to possess firearms in furtherance of a drug trafficking crime, as alleged in Count 1 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(o).

## COUNT 8
### (Distribution of Methamphetamine)

On or about February 8, 2024, in the Eastern District of Louisiana, and elsewhere, the defendants, ████████████████████████████ ████████████████████████████████████ ████ did knowingly and intentionally distribute 50 grams or more of methamphetamine, its

4

salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 9
### (Distribution of Methamphetamine)

On or about March 15, 2024, in the Eastern District of Louisiana, and elsewhere, the defendants, ███████████████████████████████████ ███████and ███████████████████████████████ ███████ did knowingly and intentionally distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 10
### (Distribution of Methamphetamine)

On or about April 22, 2024, in the Eastern District of Louisiana, and elsewhere, the defendant, ███████████████████████████████████ ███████did knowingly and intentionally distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 11
### (Conspiracy to Provide Material Support to a Foreign Terrorist Organization)

Beginning on or about February 20, 2025, and continuing through on or about the date of this Superseding Indictment, in the Eastern District of Louisiana, the Republic of Mexico, and elsewhere, the defendants, █████████████████████████████

█████████████ **STEPHANIE VELA,** and other persons known and unknown to the Grand Jury, did conspire to provide "material support and resources," as that term is defined in Title 18, United States Code, Section 2339A(b), namely, currency, financial services, lodging, assistance, safe houses, personnel, and transportation, to a foreign terrorist organization, namely, the Cartel de Jalisco Nueva Generacion (CJNG), which at all relevant times was designated by the United States Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that CJNG was a designated foreign terrorist organization, and that CJNG engages and has engaged in terrorist activity and terrorism, in violation of Title 18, United States Code, Section 2339B(a)(1).

## COUNT 12
### (Conspiracy to Launder Monetary Instruments)

Beginning in May of 2022, and continuing to on or about the date of this Superseding Indictment, in the Eastern District of Louisiana and elsewhere, the defendants, █████████

████████████████████████████████████████████████████████████

███████████ **ROCKY COLIN,** and ██████████████████████████████ did knowingly and intentionally combine, conspire, confederate and agree with each other and other persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, knowing that the property involved represented the proceeds from a specified unlawful activity, to wit: conspiracy to distribute and possess with intent to distribute controlled substances as set forth in Count 1 of this Superseding Indictment, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified

6

unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i); all in violation of Title 18, United States Code, Section 1956(h).

### COUNT 13
### (Money Laundering)

On or about May 16, 2022, in the Eastern District of Louisiana, and elsewhere, the defendant, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer of $99,781.00 in bulk cash, which was subsequently converted into cryptocurrency and wired to a specified wallet, which involved the proceeds of a specified unlawful activity, to wit: conspiracy to distribute and possess with intent to distribute controlled substances as set forth in Count 1 of this Superseding Indictment, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT 14
### (Money Laundering)

On or about May 31, 2022, in the Eastern District of Louisiana, and elsewhere, the defendant, **ROCKY COLIN**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer of $60,110.00 in bulk cash, which was subsequently converted into cryptocurrency and wired to a specified wallet, which involved the proceeds of a specified unlawful activity, to wit: conspiracy to distribute and possess with intent to distribute controlled substances as set forth in Count 1 of this Superseding Indictment, knowing that the transaction was designed in whole or in part to conceal and disguise

7

the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 15
### (Money Laundering)

On or about July 29, 2022, in the Eastern District of Louisiana, and elsewhere, the defendant, **ROCKY COLIN**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce, that is, the transfer of $64,935.00 in bulk cash, which was subsequently converted into cryptocurrency and wired to a specified wallet, which involved the proceeds of a specified unlawful activity, to wit: conspiracy to distribute and possess with intent to distribute controlled substances as set forth in Count 1 of this Superseding Indictment, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 16
### (Money Laundering)

On or about August 4, 2022, in the Eastern District of Louisiana, and elsewhere, the defendants, **ROCKY COLIN** and ███████████████████ did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer of $60,469.00 in bulk cash, which was subsequently converted into cryptocurrency and wired to a specified wallet, which involved the proceeds of a specified

unlawful activity, to wit: conspiracy to distribute and possess with intent to distribute controlled substances as set forth in Count 1 of this Superseding Indictment, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT 17
### (Money Laundering)

On or about April 12, 2023, in the Eastern District of Louisiana, and elsewhere, the defendant, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer of $47,000.00 in bulk cash, which was subsequently converted into cryptocurrency and wired to a specified wallet, which involved the proceeds of a specified unlawful activity, to wit: conspiracy to distribute and possess with intent to distribute controlled substances as set forth in Count 1 of this Superseding Indictment, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT 18
### (Interstate Travel in Aid of Racketeering)

On or about April 4, 2025, in the Eastern District of Louisiana and elsewhere, the defendants, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9

███████ **STEPHANIE VELA, and** ████████████████████ did travel and aid and abet travel in interstate commerce between the States of California, Texas, Louisiana, and Nevada, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, conspiracy to distribute and possess with intent to distribute controlled substances, as charged in Count 1 of this Superseding Indictment, and thereafter performed and attempted to perform acts to promote, manage, establish, carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## SENTENCING ENHANCEMENT PROVISIONS

The Grand Jury further charges that:

Prior to committing the offenses charged in Counts 1, 2, 3, 4, 5, 6, 8, 9, and 10 of this Superseding Indictment, the defendant, ████████████████████████████████ ████████████████████ had a conviction for distributing and possessing with the intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), a felony which carried a sentence of ten years or more, which had become final in the Federal District Court in the Southern District of Florida, in Case No. 12-60032, on or about September 7, 2012, for which he served a term of imprisonment of more than 12 months, and for which his release from any term of imprisonment was within 15 years of the commencement of the offenses charged in Counts 1, 2, 3, 4, 5, 6, 8, 9, and 10 of this Superseding Indictment. As a result, the defendant, ████████████████████████ ████████████████████ is subject to increased punishment for committing the offense charged in Counts 1, 2, 3, 4, 5, 6, 8, 9, and 10 of this Superseding Indictment under

10

Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A) and 851.

## NOTICE OF FORFEITURE

1.      The allegations of Counts 1 through 18 of this Superseding Indictment are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2.      As a result of the offenses alleged in Counts 1, 2, 3, 4, 5, 6, 8, 9, and 10, the defendants, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**ROCKY COLIN,** ▮▮▮▮▮▮▮▮▮▮▮

**STEPHANIE   VELA,** ▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

3.      As a result of the offense alleged in Count 7, the defendant, ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in the commission of said offense.

4.      As a result of the offenses alleged in Counts 12, 13, 14, 15, 16, and 17, the defendants, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11

████████████████████ **ROCKY COLIN,** ██████████████████

shall forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(1),

any property, real or personal, involved in such offenses, or any property traceable to such

property, including but not limited to:

$338,295.00.

5. As a result of the offense alleged in Count 18, the defendants, ██████████

██████████████████████████████████████████████ **STEPHANIE**

**VELA,** and ████████████████████████ shall forfeit to the United States pursuant to

Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section

2461, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as

the result of such offense.

6. If any of the above-described property, as a result of any act or omission of the

defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided

       without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendants up to the value of said property.

A TRUE BILL:

███████████████████████

FOREPERSON

DAVID I. COURCELLE
UNITED STATES ATTORNEY

MAURICE E. LANDRIEU, JR.
Assistant United States Attorney

New Orleans, Louisiana
January 30, 2026

13

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  25-119** |
| **v.** | * | |
| | | **SECTION: "T"** |
| **ROCKY COLIN** | * | |

*     *     *

## O R D E R

Considering the foregoing Motion and Incorporated Memorandum to Unseal the Superseding Indictment as to defendant Rocky Colin;

**IT IS HEREBY ORDERED** that the Clerk of Court for the Eastern District of Louisiana unseal the Superseding Indictment in the above-captioned case only for Rocky Colin, and to use the attached redacted Superseding Indictment for his initial appearance, detention hearing, removal hearing, and arraignment.

New Orleans, Louisiana, this ___11th___ day of June, 2026.

_____
UNITED STATES MAGISTRATE JUDGE